IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION
500 Indiana Avenue NW Washington D.C 20001

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MATTHEW COOPER, <br> 6259 Akforth Avenue <br> Alexandria, Virginia <br> 22315-3202 <br>        Plaintiff, | |

**ATLANTA RESTAURANT PARTERS LLC**
District of Columbia Initial File Number L16868
**Doing Business as d/b/a T.G.I Friday's**
2100 Pennsylvania N.W.
Washington, DC 20037
And     Darren Finch,
General Manager
Serve: Professional Registered Agents INC
2600 Virginia Avenue, N.W. Suite 1112 NW
Washington, DC 20037

      **And others Unknown**

      AND

**THE DISTRICT OF COLUMBIA GOVERNMENT**
**Serve Darlene Fields for D.C. Gov**. at
441 4th Street NW Suite 600 South
Washington, DC 20001
Serve: **Darlene Fields for D.C. Attorney General**
And
The Honorable
**Muriel Elizabeth Bowser**
 Mayor of the District of Columbia
   ***Serve: Regina Brown for the Mayor***
   441 4th Street N.W.  Suite 600 South
   Washington, DC 20001
      (202) 724-6507
      Defendants

SERVICE UPON   D.C. Attorney General Served ***Darlene Fields***

**2016 CA 004214 B**

Next event 09/2016:11:30 AM

**Courtroom 517**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AFFIDAVIT OF SERVICE

1

# FOR THE ATTORNEY GENERAL OF THE DISTRICT OF COLUMBIA

I, Andrea Cannon,  over the age of 21, on this 13th day  of June , 2016 I personally  served **Regina Brown for the Mayor** of the District of Columbia at 441 4th Street N.W. Washington, DC 20001 at approximately        PM.. With a true copy of the Complaint, Summons, Initial Order and Addendum and Plaintiff's first set of Interrogatories in the above titled cause of action.


NOTARY REPUBLIC

Andrea Cannon
(703) 362-0505
1703 New Jersey Avenue N.W.
Washington, DC 20001

2
2

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Matthew Cooper
6259 Akforth Ave.
Alexandria Virginia 22315-3202 Plaintiff
Irvin B. Nathon
District of Columbia   vs. Attorney General
Government 441 4th st NW DC 20001

Case Number 2016 CA 004214 E

Serve Attorney General 441 4th St NW
washington DC 20001   Serve       Defendant
Darlene Fields 441 4th St NW DC
Suite 600 South   **SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Harry T. Spikes SR 372091
Name of Plaintiff's Attorney
PO Box 23828 L'Enfant Plaza NW

Clerk of the Court

Address
Washington DC 20026                  By _____

202-288-4175 Email harry Spikes          Date 06/10/2016
                              @gmail.com
Telephone
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                          CASUM.doc



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MATTHEW COOPER
    Vs.                                C.A. No.     2016 CA 004214 B
ATLANTA RESTAURANT PARTERS, LLC et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MICHAEL L RANKIN
Date:  June 10, 2016
Initial Conference: 10:30 am, Friday, September 09, 2016
Location:  Courtroom 517
          500 Indiana Avenue N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION
500 Indiana Avenue NW Washington D.C 20001

*******************************************

MATTHEW COOPER,                              *
6259 Akforth Avenue                          *
Alexandria, Virginia                         *

22315-3202                                   *

     Plaintiff,                             *

                                             *

ATLANTA RESTAURANT PARTERS LLC               *

District of Columbia Initial File Number L16868   *

**Doing Business as d/b/a T.G.I Friday's**   *
2100 Pennsylvania N.W.                        *

Washington, DC 20037                         *

| D.C. Superior Court | |
| --- | --- |
| Court Assignment: | **Civil Actions** |
| Cause/Case Number: | **2016 CA 004214 B** |
| Client Matter Number: | **Matthew Cooper** |
| Document Type: | **Civil Actions Complaint** |
| Hearing Date: | **September 09, 2016 11:30 AM (Eastern (U.S. and Canada))** |
| Hearing Location: | **Courtroom 517** |

And    Darren Finch,                         *

General Manager                              *

Serve: Professional Registered Agents INC    *

2600 Virginia Avenue, N.W. Suite 1112 NW     *

Washington, DC 20037                         *

                                             *

**And others Unknown**                       *    Plaintiff Demands a trial

    AND                                    *    by Jury

1

**THE DISTRICT OF COLUMBIA**                    *
**GOVERNMENT**
**Serve Darlene Fields for D.C. Gov**. at        *

441 4th Street NW Suite 600 South               *        12-309 Notice was twice
Washington, DC 20001                            *         timely filed with the District
Serve: *Darlene Fields for D.C. Attorney* *
*General*                                       *
And                                             *
The Honorable                                   *
**Muriel Elizabeth Bowser**                     *
 Mayor of the District of Columbia              *
   *Serve: Regina Brown for the Mayor* *
  441 4th Street N.W.  Suite 600 South          *
  Washington, DC 20001                          *
(202) 724-6507                              *
            Defendants                          *
*******************************************

<u>COMPLAINT</u>
**FOR  CIVIL RIGHTS VIOLATIONS AND COMMON LAW CLAIMS OF GROSS
NEGLIGENCE, SIMPLE NEGLIGENCE, FALSE ARREST, FALSE IMPRISONMENT
<u>AND MALICIOUS PROSECUTION</u>**


<u>INTRODUCTION</u>: Plaintiff, a young Black African American Male, with no previous arrest

or confrontation with the judicial system, who aspires a career in journalism, on June 18, 2015,

was falsely accused by the Manager and employees of  Defendant T.G.I. Friday's of dining in the

restaurant and leaving the restaurant without paying for the food he was falsely accused of

consuming. The false accusations caused Plaintiff to be criminally charged with second degree

theft, arrested, confined in a jail cell in the District of Columbia's detention center and prosecuted

to an acquittal of all false allegations.

1. The Court has jurisdiction over the subject matter pursuant to District of Columbia Code

   Section 11-921.  All acts and occurrences that form the subject matter of the cause of action

   took place in the District of Columbia.

2

**PARTY PLAINTIFF**:

2. Plaintiff is a young adult (over the age of 21) Black African American United States citizen and a resident of the State of Virginia.

## PARTY DEFENDANTS DISTRICT OF COLUMBIA

3. The District of Columbia is a Municipal Corporation that is liable for the illegal acts and omissions of its employees and agencies, which include the District of Columbia Metropolitan Police Department.

## ATLANTA RESTAURANT PARTNERS LLC T.G.I. FRIDAY'S

4. Atlanta Restaurant Partners LLC operates and manages T.G.I. Fridays which operates it principal place of business at 2100 Pennsylvania N.W. (Trade Name –T.G.I. Friday's, Initial District of Columbia File Number L16868: Application Number 009587; License Number 060813 and Retail Class-CR), with  Carlson Restaurants Inc. as the parent corporation. Carlson Restaurants Worldwide, Inc. ("Carlson") are among the largest private companies in the world. Carlson owns and operates T.G.I. Friday's Corporation which maintains it Corporate Office and place of Incorporation in Dallas Texas and operates a chain of Restaurants in the District of Columbia from which it earns a substantial amount of revenue from the District of Columbia residents.   The T.G.I Friday's that is the subject matter of this suit is located at 2100 Pennsylvania Avenue N.W. Washington, D. C. (Trade Name –T.G.I. Friday's: Application Number 009587; License Number 060813 and Retail Class-CR). The individual Defendant, **Darren Finch**, is the **General Manager of T.G.I. Friday'**s at 2100 Pennsylvania N.W. Washington, DC. . Defendant **Darren Finch** is being sued in his personal capacity directly for his unlawful acts and omissions, and in his official capacity as an employee of Defendant T.G.I

3

Fridays. Atlanta Restaurant LLC is being sued as a corporate entity and under the doctrine Respondent Superior, for the illegal acts and omissions of its employees.  Manager Darren Finch and Atlanta Restaurant Partners LLC, as Defendants, are referred to herein interchangeably and collectively as (T.G.I. Friday's, Darren Finch as Defendant(s)).

5. Jurisdiction of Defendant is conferred under the District of Columbia Long Arm Statute Section 13-423 (a) (4), because Defendant (s) does regular course of business in the District of Columbia.

## FACTS

6. On June 18, 2015, at about 4: 40 PM, Plaintiff Matthew Cooper, a Black young African American, was in the District of Columbia Foggy Bottom area with a female companion, where T.G.I. Friday's is located.  The manager of TGI Friday's, Darren Finch, and his employees under his supervision, falsely accused Plaintiff and his female companion of eating food in the restaurant, T.G.I Friday's, without payment. Neither Plaintiff nor his companion had ever entered the T.G.I Fridays on June 18, 2015 for any reason. Defendant manager's false allegations caused Plaintiff to be arrested by the District of Columbia Metropolitan Police (D.C.M.P.D), who placed Plaintiff in a Police Patrol Vehicle, cuffed his hands behind his back and transported him to the District of Columbia Detention Center where he was officially charged with Second Degree Theft. From approximately 4:40 PM until 11: PM on June 18th, Plaintiff remained under arrest in DCMPD custody against his will, against his implied or expressed consent and without freedom of movement.

7. On July 07, 2015, at 9: 30. AM. Plaintiff appeared in District of Columbia Superior Court for the second degree theft under Arrest Number 021517215 -15091421 POD 705218.The second degree theft charges were dismissed.

4

8.  The arrest created a criminal record for Plaintiff in the District of Columbia. The arrest records has the potentials of impeding Plaintiff's future job opportunities and employment in sensitive areas such as law enforcement and other areas where theft could cause serious liability to the employer and the general public.


## COUNT ONE
## AGAINST ATLANTA RESTAURANT PARTERS LLC -T.G.I. FRIDAYS' AND MANAGER DARREN FINCH
### FALSE ARREST AND FALSE IMPRISONMENT

9.  T.G.I. Fridays is secured with surveillance cameras that monitor and records in real time all activities and occurrences on the inside and outside T.G.I. Friday's dining areas. The surveillance footage is readily available to instant rerun to identify any questionable activity at the T.G. I. Friday's.   Defendant (s) had no factual reason to believe Plaintiff had dined at the restaurant without paying for the food because the audio video surveillance cameras revealed Plaintiff was never on the outside or inside of TGI Fridays dining area. With specific malicious intent to falsely accuse Plaintiff of dining without paying, Defendant willfully caused Plaintiff to be detained and arrested without his implied or expressed consent and otherwise against his will, and without authority to cause Plaintiff to be arrested and restrained by the DCMP. The false theft charges were dismiss because they were adjudicated false.   The false accusations caused Plaintiff to be falsely arrested and falsely imprisoned.  Because Defendant knew that he was falsely accusing Plaintiff of theft, the accusations were outrageous and shocking to the conscious of a sane society.

10. At all times herein, the employee who falsely accused Plaintiff was acting within the scope of his employment under the supervision of the General Manager of TGI Friday's. Mr.

Darren Finch, who too was acting within the scope of his employment for Defendant. Plaintiff invokes the doctrine of Respondeat Superior.

11. As a direct and proximate cause of the false arrest, Plaintiff suffered: (1) false imprisonment; (2) mental anguish and physical pain and suffering, (3) embarrassment and loss of self-esteem, intentional infliction of mental emotional distress and anxiety. Most importantly, Plaintiff feared for his life when he was arrested in view of the tragedies visited by young Black Americans males at the hands of the Police.

12. Plaintiff seeks compensatory damages for each of the three elements of damages in an amount deem reasonable by a jury and *punitive damages* in the amount of Seventy Five Thousand $75,000 Dollars.  Plaintiff seeks equitable relief in the form of expungement of the criminal charges from all official and unofficial records at Defendant's expense.

## COUNT TWO
## GROSS NEGLINGENCE AND SIMPLE NEGLIGENCE AGAINST DEFENDANT ATLANTA RESTAURANT PARTNERS LLC T.G.I. FRIDAY'S

13. By reference, Plaintiff incorporates the entire substance of count one into count two.

14. Defendant owed Plaintiff a duty of care to ascertain whether Plaintiff had in fact dined in the Restaurant without paying for the services. The duty of care includes but are not limited to Defendant researching the audio video surveillance tape for Plaintiff's presence at the Restaurant.

15. Further, Defendant, as a corporation, and Defendant Darren Finch, as the General Manager, failed to property train and supervise its employees.

Defendant breached the duty of care when its employee did not review the surveillance footage for Plaintiff's presence. Defendant Corporation breached its duty to train its manager and its employees over which the manager had supervisory authority.  As a direct result of the

aforementioned breach of the duty of care, Plaintiff suffered mentally, financially, recreationally, physically and emotionally. Defendant's acts were those of gross negligence as well as simple negligence, all of which are shocking to the conscious of a sane civilized society.

17. Plaintiff prays for compensatory damages in an amount a jury may determine equitable and fair, reasonable attorney's fees and cost, punitive damages and expungement of the criminal charge and proceedings at Defendant's expense.

## COUNT THREE CLAIM AGAINST THE DISTRICT OF COLUMBIA GOVERNMENT VIOLATION OF TITLE 42 USC 1983 CIVIL RIGHTS ACT and D.C. Code §§ 2–421 to – 424 (2001)

18. Count one and two are incorporated in count three as if they were expressed in count three.

19. Under Title 42 U.S.C. 1983 Plaintiff is provided certain civil and constitutional rights.

20. ("Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress")

21. Further, Plaintiff makes this claim under the Unjust Imprisonment Act (the "UIA"), D.C. Code §§ 2–421 to –424 (2001),  and the act of Malicious Prosecution

22. Without probable cause or even reasonable suspicion, or a good faith, reasonable belief  that any crime had been committed by Plaintiff or that Plaintiff had committed any arrestable offense,  District of Columbia Police Officers, acting under the color of law and within the scope of their authority as D.C. Police Officers, placed Plaintiff in their custody in a D.C. Police Cruiser, placed him under arrest, restricted his freedom of movement without his

consent and against his will, confined him in a jail cell at the D. C. Central Detention Center, and criminally charged him with second degree theft.

23. Said Police Officers owed Plaintiff a constitutional duty of reasonable care to ascertain whether Plaintiff had violated any District of Columbia Laws before arresting him. Defendant

Police Officers maliciously, deliberately and intentionally omitted any efforts to ascertain whether Plaintiff had violated any laws before placing him under arrest and charging him with a criminal offense.

24. Defendant Police Officer's decision to  seized Plaintiff's person, search Plaintiff's person, arrest and charge Plaintiff with a crime was an act of deliberate indifference, willful neglect and malice and motivated by race, in that Plaintiff is a Black African American Male. The Police

Officers' state of mind was that because Plaintiff is a Black African American Male, he was automatically assumed guilty of a crime. Therefore, as a custom, pattern and practice and policy, said police officers arrested and charged Plaintiff with second degree theft.

25. Said Police Officers' decision to arrest and charge Plaintiff with the commission of second degree theft directly resulted from the District of Columbia Government- Police Department failure to train, failure to supervise and failure to monitor said employees and further failure to train them not to arrest Black Males because of their race and without cause.

26. To avoid the false arrest and false imprisonment of Plaintiff, said police officers need to have only asked the Manager of T.G.I Friday's for proof of its claims against Plaintiff and ask to review the surveillance footage which would have shown Plaintiff was never inside or outside the dining area of T.G.I Friday's.

28. Defendant Police Officers breached the constitutional duty of care the District owed to

Plaintiff to protect his civil rights and not to intentionally, maliciously and wantonly violate Plaintiff's civil and constitutional rights under Title 42 U.S.C 1983 and the Fourth Amendment against unlawful arrest, search and seizure.

30.     Said police officers' decision to arrest and charge Plaintiff with a crime without cause constitutes false arrest and false imprisonment in violation of Plaintiff's civil rights under Title 42 U.S.C. 1983 and Fourth Amendment Rights under the U.S. Constitution against illegal arrest search and seizure.

31.     Also, in violation of Title 42 U.S.C 1983, the District of Columbia Government maliciously prosecuted Plaintiff under the attending facts and circumstances in that a criminal proceeding was instituted and continued by the defendant against the plaintiff until and including July 07, 2015. Termination of the proceeding was in favor of Plaintiff in that all charges of Second Degree theft were dismissed (acquitted) because there was absolutely no probable cause for the proceeding. Racial profiling, race discrimination and malice were the primary purpose of the Defendant Police Officers and the District of Columbia for instituting the proceeding other than that of bringing an offender to justice.

32.     As a direct result of the false arrest and false imprisonment,  Plaintiff suffered mentally, physically , emotionally and financially and a loss of dignity and future job opportunities.

33.     Plaintiff prays for compensatory damages in the amount of $200,000, and reasonable attorney's fees and cost, and expungement of the criminal charge and proceedings at Defendant's expense.

### COUNT FOUR MALICIOUS PROSECUTION AGAINST DEFENDANT T.G.I. FRIDAY'S

34. Plaintiff incorporates all facts and allegations contained in count one, two and three into count four as if the allegations were stated therein.

36.      Defendant T.G. I Friday's caused  a criminal proceeding to be instituted against Plaintiff. Defendant T.G.I Friday's caused the criminal proceedings to continue against plaintiff from June 18, 2015 until and including July 07, 2015, at which time a criminal prosecutorial proceedings was held in the District of Columbia Superior Court that resulted in Plaintiff's favor by way of an acquittal because of the absence of probable cause for the proceeding. At all times herein, Defendant T.G.I Friday's decision to falsely accuse Plaintiff of theft was a malicious, wanton and intentional act motivated by Plaintiff's race, Young Black African American Male in a predominate white populated environment and because Defendant was of the mindset that Plaintiff, because of his race, did not belong in the foggy bottom area.  Defendant, at all times herein, had actual knowledge that Plaintiff was falsely accused, yet Defendant intentionally and maliciously continue to force the malicious persecution toward a judicial persecutory hearing from June 18, 2015 until July 07, 2015. Defendant's primary purpose, in addition to that which is explained herein, in instituting the  criminal proceeding and pursuing it for approximately 20 days,  was  other than that of bringing an offender to justice, rather, the purpose was to punish

Plaintiff because of his race. All of Defendant's malicious acts are nothing more than a custom, pattern, and practice of conduct against young black males which is shocking to the conscious of a sane society.

37.      Wherefore, with all things considered, Plaintiff prays for compensatory damages in the amount of $200,000 and punitive damages in the amount of $500,000 and expungement of the criminal charges and proceedings at Defendant's expense, reasonable attorney's fees and Cost.

**Plaintiff request a jury trial on all claims.**

Respectfully submitted,
Harry T. Spikes, Sr.372091

Signature: *Harry T. Spikes, Sr.* DC Bar # 372091

P.O. Box 23828
L'Enfant Plaza SW
Washington, DC 20016
(020) 288-4175
Email: harryspikes@gmail.com

11

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION
500 Indiana Avenue NW Washington D.C 20001

**********************************************

| | |
|---|---|
| MATTHEW COOPER, * | |
| 6259 Akforth Avenue * | |
| Alexandria, Virginia * | |
| 22315-3202 * | |
| Plaintiff, * | |
| * | |
| **ATLANTA RESTAURANT PARTERS LLC** * | |
| District of Columbia Initial File Number L16868 * | |
| **Doing Business as d/b/a T.G.I Friday's** * | |
| 2100 Pennsylvania N.W. * | |
| Washington, DC 20037 * | |
| And    Darren Finch, * | |
| General Manager * | |
| Serve: Professional Registered Agents INC * | |
| 2600 Virginia Avenue, N.W. Suite 1112 NW * | **2016 CA 004214 B** |
| Washington, DC 20037 * | |
| * | |
| **And others Unknown** * | |
| * | |
| AND * | Next event 09/2016:11:30 AM |
| **THE DISTRICT OF COLUMBIA** * | **Courtroom 517** |
| **GOVERNMENT** | |
| **Serve Darlene Fields for D.C. Gov**. at * | |
| 441 4th Street NW Suite 600 South * | |
| Washington, DC 20001 * | |
| Serve: **Darlene Fields for D.C. Attorney** * | |
| **General** * | |
| And * | |
| The Honorable * | |
| **Muriel Elizabeth Bowser** * | |
| Mayor of the District of Columbia * | |
| **Serve: Regina Brown for the Mayor** * | |
| 441 4th Street N.W.  Suite 600 South * | |
| Washington, DC 20001 * | |
| (202) 724-6507 * | |
| Defendants * | |

**********************************************


PLAINTIFF'S INTERROGATORIES TO DEFENDANTS

Pursuant to Super. Ct. Civ. R. 34 Plaintiff respectfully requests that Defendant, Atlanta Restaurant Partners, during business as T.G.I. Friday's, 30 days of receipt of this request, respond to the following interrogatories which are served herewith the Complaint and Summons:

## INSTRUCTIONS

1. Your response to each interrogatory should be based upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information in the possession of officers, employees, agents, representatives, consultants, or attorneys. You should review every document or source of information, including those not within your immediate or direct control, in responding to each interrogatory propounded herein.

2. If you cannot respond in full to any of the following written interrogatories, respond to the extent possible, stating all information or knowledge you have concerning the portion to which you are responding and specifying the reason for your inability to respond to the remainder. If your responses are qualified in any respect, set forth the terms and explanations of each such qualification.

3. If you object to any of the interrogatories on any grounds, state said grounds completely. If the interrogatory is only partly objectionable, respond to the remainder of the interrogatory as set forth above.

4. For each response:

a) Identify by description, date, sender, recipient, location and custodian

each document relied upon or which forms a basis for the answer given or which corroborates

the answer given or the substance of what is given in answer to these interrogatories;

b) State whether the information furnished is within the personal knowledge

of the person answering and, if not, identify the person from whom the information or document

was obtained, and attach an affidavit from said person attesting to the truthfulness of the

answer; and

c) Identify each person who supplied any of the information stated in, or

relied upon to prepare, the response, or who participated or assisted in preparing the response.

5. Each interrogatory should be answered separately. Interrogatories should not be ombined for the purpose of supplying a common answer. An interrogatory should not be answered by referring to the answer of another interrogatory unless the answers are identical.

2

6. If you are asked to describe a particular document, the description should include the date the document was generated; the identity, address and phone number of the generator; the identity, address and phone number of the custodian of the document; the nature of the document; and the information contained therein.

7. If you are asked to describe a particular event, the description should include a detailed statement of what transpired; the name, address and telephone number of each and every witness to the event; the date the event occurred; and every action which you may have taken in response to the event described. If there is more than one event described in response to the interrogatory, your response should clearly delineate between the events and a full description, as provided herein, should be given for each separate event.

8. These interrogatories are continuing in character. You are required to file supplemental responses if you obtain different and/or additional information and/or documents prior to and including the date of trial.

9. You are required to serve a copy of your response to the interrogatories upon the attorney listed below within 30 days after service of the same upon you.

DEFINITIONS

The following definitions form an integral part of these interrogatories:

1. "Document(s)": The term "document(s)" means any written, printed, typed, electronically stored, or other graphic matter of any kind or nature, including drafts and all copies bearing notations or marks not found on the original and includes, but is not limited to:

(a) All contracts, agreements, representations, warranties, certificates, opinions;

(b) All letters or other forms of correspondence or communication, including envelopes, notes, emails, telegrams, cables, telex messages, messages (including reports, notes, notations, recordings, transcripts, emails and memoranda of or relating to telephone conversations or conferences);

(c) All memoranda, reports, financial statements or reports, notes, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, charts, graphs, extracts, statistical records, compilations;

(d) All desk calendars, appointment books, diaries;

(e) Newspapers, booklets, circulars, bulletins, notices, instruction manuals;

(f) All minutes or transcripts of all meetings;

g. All photographs, microfilms, phonographs, tapes, or other records, punch cards, magnetic tapes, disc, data cells, drums, printouts, and other data compilations, from which information can be obtained (translated through detection devices into useable form).

2. "Person(s)": The term "person(s)" as used herein means a natural person, partnership, joint venture, corporation, business trust company, association, firm, society, joint stock company, and any other form of legal entity, unless the context otherwise requires.

3. "Communication": The term "communication(s)" as used herein means any written or oral contact, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was transmitted and transferred. It includes, but is not limited to, meetings, telephone conversations, discussions, reports, executive summaries, briefings, and oral requests for information. It includes, but is not limited to, letters, emails, notes, notices, pleadings and other legal filings, memoranda, advertisements, post cards, and telegrams.

4. "Identify" or "identity" means:

(a) With respect to a person, his or her name, present or last known home address and telephone number, present or last known place of employment, including address and telephone number, and each office, title or position, if any, held at any time with plaintiff, and the nature of his or her relationship with plaintiff, past and present.

(b) With respect to a contract, instrument or document:

(i) Which exists and is currently in possession of or obtainable by plaintiff or its agents (including, but not limited to, its attorneys), the type of document (e.g., letter, memorandum, record, list,

4

report, charts, etc.), date, identification of the person or persons who prepared the document, identification of the person for whom the document was prepared, the name(s) of each signatory thereof, and to whom it was delivered, and the identification of the present custodian and current location of that document;

(ii). Known to have existed but no longer existing, the type of document, (e.g., letter, memorandum, record, list, report, chart, etc.), its last custodian, and the date and circumstances under which the document was lost, destroyed or became unavailable;

(iii). Formerly in the possession of plaintiff or its agent (including, but not limited to, its attorneys) but no longer in its possession, the type of document, the date and the circumstances under which the document left the possession of the plaintiff and the identification of its present custodian and location.

C. With respect to all communications, the date of the communication, the name of each party to the communication, the substance thereof and the method of communication (e.g., in person or by telephone).

4.   "With regard to," "pertaining to," "regarding," "relating to," "related to," "with respect to," or "involving" any given subject means any fact, document, or oral communication that constitutes, deals with or is in any way pertinent to that given subject.

6. "You" or "your" refers to the party to whom these interrogatories are addressed, including your employees, agents, officers, directors, representatives, your attorneys, unless privileged, and any corporation or other entity over which you exercise some control or access to information or documents.

7. The "premises" or "subject premises" refers to defendant's current or former apartment and the common areas in or around the building wherein defendant's apartment is or was located.

8. The "period in question," the "period involved in the present suit," or the "relevant period" refer, unless otherwise indicated, to the period beginning three years prior to the filing of plaintiff's complaint in the present case and running through the present time.

INTERROGATORIES

1. Identify the person signing and attesting to the truthfulness of these Interrogatories, and, if a different individual, the custodian of any business records relating to the premises?

2. Identify the person or persons who had the overall supervision of the subject premises, T.G.I. Friday's at 2100 Pennsylvania Ave. N.W. DC  during the period involved in the present suit. The quest is asking for the complete identity of the person on duty on June 18, 2015 when Plaintiff was arrested as stated in the complaint?

4. Identify the person or persons who made the complaint (s) against Plaintiff which caused Plaintiff to be criminally charged with second degree theft as stated in the complaint?

5. Provide a written copy of the complaint that was made against Plaintiff by T.G.I. Friday's and provide the same with the written response to these interrogatories. The written response must include all that is contained in the original document(s) and any subsequent related documents that contain any information regarding the event that was written after June 18, 2015.

6. Identify the person who was in charge of reviewing the video tape of the surveillance camera footage at TGI Friday's on June 18, 2015 at the time before and after Plaintiff was placed in the Police Curser? This question ask for a written statement which must contain a detailed explanation of the person's personal observation, then presence sense perception and his/ her resulting opinion.

7. Please provide a copy of the video surveillance tape footage for June 18, 2015 of the inside and outside dining area of T.G.I. Friday's that described, depicted or revealed the identified person or persons who had consumed or otherwise received value or a thing of value from T.G.I. Fridays without reciprocating the value of that which he/she received from T.G.I. Friday's.

8. In short, did Plaintiff dine at T.G.I. Fridays on June 18, 2015?

9. Identify the person who was either authorized or had the responsibility to investigate the event of June 18, 2015 and please describe the investigative procedure, and identify the person or persons involved in the investigation. As to the investigative procedure, state the date this procedure was instituted and produce a copy of  T.G.I ( Atlanta Restaurant Partners) personal manual used for training T.G.I. Friday's employees for the implementation of the procedure and state whether this procedure was followed,  on June 18, 2015 , in the present suit.

6

10. Identify the T.G.I. Friday's employee or associate that identified Plaintiff as one who had done something at T.G. I. Friday's that justified Plaintiff being arrested and charged with second degree theft?

11. How many separate times did the T.G.I. Employee identify Plaintiff for the reason he was arrested? That is to say, (1) when was the first identity made before Plaintiff was arrested; (2) when was the second time the identity was made after Plaintiff had been placed in the Police Curser; (3) when was the third identity made after Plaintiff had been placed in Police custody and confined in a jail cell by D.C. Metropolitan police?

12 Why was Plaintiff charged with second degree theft?

13. Explain the reasons the second degree theft charges were dropped against Plaintiff?

14. Provide copies all documents produced or caused to be  produced by T.G.I. Friday's and given to the District of Columbia Government, District of Columbia Police Officers who arrested Plaintiff on June 18, 2015 or to any other third party relative to the cause for Plaintiff's arrest and charges.

Respectfully submitted,
Harry T. Spikes, Sr.372091
Signature: *Harry T. Spikes, Sr.* DC Bar # 372091
P.O. Box 23828
L'Enfant Plaza SW
Washington, DC 20016
(020) 288-4175
Email: harryspikes@gmail.com